UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PLASTERERS' AND CEMENT MASONS' : 
LOCAL 40 PENSION FUND, through its :
TRUSTEES, PLASTERERS' AND CEMENT :
MASONS' LOCAL 40 ANNUITY FUND, through :
its TRUSTEES, PLASTERERS' AND CEMENT :
MASONS' LOCAL 40 HEALTH AND :
WELFARE FUND, through its TRUSTEES, :
PLASTERERS' AND CEMENT MASONS' :
LOCAL 40 APPRENTICESHIP FUND, through its :
TRUSTEES, and VALERIE CAMPANA, in her :
official capacity as Administrator of the Funds, :
  :
*Plaintiffs*, :
  :
v. : C.A. No.
  :
F.C. CONSTRUCTION CORPORATION :
  :
*Defendant.* :

## COMPLAINT

This is an action to compel payment of contributions, interest, penalties, and attorneys' fees to four multi-employer employee benefit plans, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et. seq.*  Plaintiffs additionally seek equitable relief, pursuant to ERISA, 29 U.S.C. 1132(a)(3), in the form of an order of this Court directing Defendant to permit an examination and audit of its records.

### Parties and Jurisdiction

1. Plaintiff Plasterers' and Cement Masons' Local 40 Pension Fund ("Local 40 Pension Fund") is a multiemployer employee benefit plan within the meaning of ERISA, 29 U.S.C. §§ 1002(37). Local 40 Pension Fund's principal place of business is located at 200 Midway Road, Suite 177, Cranston, RI 02920.

1

2. Plaintiff Plasterers' and Cement Masons' Local 40 Health and Welfare Fund ("Local 40 Health Fund") is a multiemployer employee benefit plan within the meaning of ERISA, 29 U.S.C. §§ 1002(37). Local 40 Health Fund's principal place of business is located at 200 Midway Road, Suite 177, Cranston, RI 02920.

3. Plaintiff Plasterers' and Cement Masons' Local 40 Annuity Fund ("Local 40 Annuity Fund") is a multiemployer employee benefit plan within the meaning of ERISA, 29 U.S.C. §§ 1002(37). Local 40 Annuity Fund's principal place of business is located at 200 Midway Road, Suite 177, Cranston, RI 02920.

4. Plaintiff Plasterers' and Cement Masons' Local 40 Apprenticeship Fund ("Local 40 Apprenticeship Fund") is a multiemployer employee benefit plan within the meaning of ERISA, 29 U.S.C. §§ 1002(37). Local 40 Pension Fund's principal place of business is located at 200 Midway Road, Suite 177, Cranston, RI 02920.

5. Plaintiff Valerie Campana ("Campana") is the Administrator of Local 40 Pension Fund, Local 40 Health Fund, Local 40 Annuity Fund, and Local 40 Apprenticeship Fund (collectively referred to as "the Funds").

6. Plaintiff Board of Trustees ("Trustees") are trustees and fiduciaries of the Funds.

7. Defendant F.C. Construction Corporation ("FC") is a corporation organized under the laws of the State of Massachusetts. At all relevant times, FC has been an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5). FC's principal place of business is located at 133 State Road, Westport, MA 02790.

8. This Court has subject matter jurisdiction pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e).

9. This Court has personal jurisdiction over FC because the Fund seeks to enforce agreements entered into by FC in Rhode Island.

10. Venue is proper in this Court pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e) because this is the District in which the Funds are administered.

**Facts**

11. The Funds were established to provide retirement, medical, and apprenticeship benefits to members of Plasterers' and Cement Masons' Local 40 ("Local 40" or "the Union") and their dependents. Benefits are financed in part by employer contributions.

12. The contribution rate is set by the collective bargaining agreements ("CBAs") between Local 40 and each signatory employer. Pursuant to the CBAs, each signatory employer is required to submit contributions to the Funds based on the number of hours of covered employment worked by its employees. Pursuant to the CBAs, each signatory employer is also required to submit dues to Local 40 based on the number of hours of covered employment worked by its employees.

13. Defendant FC was a signatory employer bound by a CBA with Local 40 at all relevant times.

14. The rights and obligations of the Funds and the signatory employers are set forth in four Agreements and Declarations of Trust ("the Trust Agreements").

15. The Trustees duly adopted a Delinquency, Collection, and Audit Policy ("Delinquency Policy") within the scope of their authority.

16. The Trust Agreements and the Funds' Delinquency Policy provide, in relevant part, that signatory employers shall timely submit contribution reports to the Funds, pay all required contributions, and permit audits of their employment and payroll records by the Fund.

17. The Trust Agreements and the Delinquency Policy further provide that signatory employers that fail to make timely contributions shall be liable for liquidated damages, attorneys' fees, interest, audit costs, and all other costs. Interest is assessed at a 12% annual rate from the date payment was due. Liquidated damages are equal to the greater of all interest owed or 20% of the unpaid contributions.

18. FC is bound by the Trust Agreements and the Delinquency Policy

19. FC failed to submit remittance reports and any corresponding contributions to the Fund for hours worked during the period of January 2017 through June 2018.

20. FC has failed to allow the Fund to audit FC's employment and payroll records.

21. With appropriate authority of the Trustees, the Funds' accountant contacted FC and FC's accountant by telephone in May 2018 to request that FC allow an audit of its records. FC and FC's accountant did not respond.

22. With appropriate authority of the Trustees, the Funds' accountant contacted FC by letter dated June 4, 2018 to request that FC allow an audit of its records. FC did not respond.

23. With appropriate authority of the Trustees, the Funds' counsel contacted FC by letter dated October 23, 2018 to demand that FC allow an audit of its records. The letter informed FC that if it did not contact counsel to schedule an audit by November 1, 2018, the Funds would be forced to enforce their rights in court. FC did not respond.

24. Pursuant to the Funds' Trust Agreements and Delinquency Policy, FC is liable to the Funds for any unpaid contributions, together with interest, liquidated damages, audit costs, attorneys' fees, and all other costs incurred.

### Count I
*Injunctive Relief*
*29 U.S.C. § 1132(a)(3)*

25.     Plaintiffs repeat and incorporate each and every allegation in the preceding paragraphs of this Complaint as though fully set forth herein.

26.     Notwithstanding its aforesaid obligations, FC has failed to permit an audit of its records in accordance with the CBAs, the Trust Agreements, and the Delinquency Policy.

27.     By the aforesaid acts and omissions, FC has violated ERISA, 29 U.S.C. §1132(a)(3) and §1145.

WHEREFORE, Plaintiffs pray that this Honorable Court award relief as hereinafter set forth.

### Count II
*Delinquent Contributions*
*29 U.S.C. § 1132(a)(3)*

28.     Plaintiffs repeat and incorporate each and every allegation in the preceding paragraphs of this Complaint as though fully set forth herein.

29.     Notwithstanding its aforesaid obligations, FC has failed to pay contributions and interest to the Funds in accordance with the CBAs, the Trust Agreements, and the Delinquency Policy.

30.     By the aforesaid acts and omissions, FC has violated ERISA, 29 U.S.C. §1132(a)(3) and §1145.

WHEREFORE, Plaintiffs pray that this Honorable Court award relief as hereinafter set forth.

## **Prayer for Relief**

Plaintiffs pray that this Honorable Court:

a. Award the Fund equitable relief in the form of an Order directing FC to allow the Funds to audit FC's employment records, payroll records, and any other necessary records.

b. Award the Funds all unpaid contributions and delinquent remittance reports;

c. Award the Funds interest on the unpaid contributions;

d. Award the Funds liquidated damages in an amount equal to the greater of:

   i. The interest on the unpaid contributions, or

   ii. 20% of the unpaid contributions

e. Award the Funds attorneys' fees, audit costs, and all other costs; and

f. Award such other legal and equitable relief as the Court deems appropriate.

Respectfully Submitted,

**PLAINTIFFS,**

By their attorney,

/s/ Elizabeth Wiens
Elizabeth Wiens, Esq. (RI #6827)
GURSKY|WIENS Attorneys at Law, Ltd.
1130 Ten Rod Road, Suite C-207
North Kingstown, RI 02852
Tel: (401) 294-4700
Fax: (401) 294-4702
ewiens@rilaborlaw.com

*Certificate of Service*

I hereby certify that a copy of this document was filed electronically on November 9th 2018 and is available for viewing and downloading on the Court's electronic filing system.

<u>/s/ Victoria Higgins</u>